UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: VENUS OM, | ) | No. 23-947 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| VENUS OM, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Doyle |
| | ) | |
| v. | ) | No. 23-66 |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

The United States Department of Education (Education), by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, answering the specific allegations of plaintiff Venus Om's complaint, admits, denies, or otherwise avers as follows:

### The Parties

1. **Complaint:** Venus Om is the Debtor in Chapter 13 bankruptcy case, filed on January 25, 2023, (the "Petition Date") and pending before this Court as case number 23 B 00947.

   **Response:** Admit.

2. **Complaint:** The Defendant, the U.S. Department of Education, is headquartered in Washington D.C. and is the holder of certain debts that were included in the bankruptcy and were incurred by Plaintiff as educational loans.

   **Response:** Admit.

### Jurisdiction

3. **Complaint:** This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 because this is adversary proceeding arises under and is related to Debtor's above captioned bankruptcy case pending in this Court. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(B)(2). Venue is proper pursuant to 28 U.S.C. § 1409.

**Response:** Admit.

4. **Complaint:** The Statuary [sic] basis for the relief requested is 11 U.S.C. § 523(a)(8)(B).

**Response:** Education admits that 11 U.S.C. § 523(a)(8) provides the standard for discharge of the loans held by Education.

## Factual Allegations

5. **Complaint:** Plaintiff attended college in attempt to earn a degree and borrowed tens of thousands of dollars in federal student loans now held by the Defendant.

**Response:** Education admits that Om borrowed tens of thousands of dollars in federal student loans now held by Education but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5; accordingly, they are denied.

6. **Complaint:** Over the years, Plaintiff has made several payments on the loans when Plaintiff could and has requested deferments or forbearances when Plaintiff could not.

**Response:** Education admits that Om has made one loan payment and has requested deferments or forbearances but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6; accordingly, they are denied

7. **Complaint:** Despite Plaintiff's efforts, Plaintiff has made no progress with paying down the loans. As of the date of the petition, Plaintiff owes as follows:

- U.S. Department of Education - $86,108.00

**Response:** Education admits that Om has not made progress with paying down the loans held by Education but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence of paragraph 7; accordingly, they are denied. Education denies the allegations in the second sentence of paragraph 7.

8. **Complaint:** If Plaintiff is forced to repay these loans, it will impose an undue hardship on the Plaintiff, as described in 11 U.S.C. § 523(a)(8)(B).

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8; accordingly, they are denied.

9. **Complaint:** In determining whether student loans impose an undue hardship, many courts have adopted the framework known as the *Brunner* test that was laid out in *Brunner v. N.Y State Higher Educ. Servs. Corp.*, 831 F. 2d 395 (2d Cir. 1987).

**Response:** Admit.

10. **Complaint:** Under the *Brunner* test, the Debtor will prevail if the Debtor can establish that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. *Id.* at 396.

**Response:** Education admits that paragraph 10 accurately summarizes the *Brunner* test for undue hardship discharge, which has been adopted by the Seventh Circuit.

11. **Complaint:** Plaintiff cannot presently maintain a minimal standard of living if required to repay these loans, as clearly evidenced by Plaintiff's budget.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11; accordingly, they are denied.

12. **Complaint:** Present circumstances indicate that Plaintiff's financial situation is likely to persist into the future as Plaintiff did not obtain the degree for which the loans were procured.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12; accordingly, they are denied.

13. **Complaint:** The Plaintiff has acted in good faith in attempting to repay the loans as Plaintiff has previously made payments on the loans when Plaintiff could and applied for deferment or forbearance on the loans. Plaintiff further applied for Income Driven Repayment Plan and federal consolidation loan.

**Response:** Education admits that Om made one loan payment and applied for deferment or forbearance but lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in first sentence of paragraph 13; accordingly, they are denied.

Education denies the allegations in the second sentence of paragraph 13.

14. **Complaint:** Plaintiff has further engaged meaningfully regarding payment options, forbearance or loan consolidation and with a 3rd party to assist in managing the debt.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14; accordingly, they are denied.

15. **Complaint:** Plaintiff cannot pay these loans back and maintain a minimum standard of living. Repayment of these loans would impose an undue hardship on the Plaintiff within the meaning of the Bankruptcy Code.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15; accordingly, they are denied.

WHEREFORE, the United States Department of Education requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ David H. DeCelles
DAVID H. DECELLES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
david.decelles@usdoj.gov

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, L.R. 7005-1, and the Administrative Procedures for the Case Management/Electronic Case Filing System, the following document:

ANSWER

was filed and served pursuant to the Bankruptcy Court's ECF system on the following ECF filer:

Mark E. Bredow
The Semrad Law Firm
mbredow@semradlaw.com

s/ David H. DeCelles
DAVID H. DECELLES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
david.decelles@usdoj.gov